JAMES M. FULTON v. JAMES MATHERS et al.

No. 15,040  (90 Pac. 256.)

SYLLABUS BY THE COURT.

1. EJECTMENT—Necessary Parties. A judgment in ejectment is not void as to the defendants in actual possession because the holder of the legal title, not in possession, was not made a party.

2. TAX DEEDS—Ejectment by Holder—Unenforced Judgment—Statute of Limitations. Where a tax-deed holder brings his action to recover the real estate within the two-year period of limitation, and recovers a judgment therefor against the parties in actual possession, the running of the statute has been arrested; and a delay of nearly five years after the rendition of the judgment before other steps are taken to remove the defendants in the ejectment action from the premises will not again start the statute.

Error from Wyandotte court of common pleas; WILL-IAM G. HOLT, judge. Opinion filed May 11, 1907. Affirmed.

*George Wright*, and *Keplinger & Trickett*, for plaintiff in error.

*Herbert W. Wolcott*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was a suit to restrain the sheriff of Wyandotte county and James Mathers from executing or causing to be executed an order of ejectment removing James M. Fulton and his tenants from the possession of certain real estate in Kansas City, Kan. A temporary restraining order was allowed, but upon a hearing for a temporary injunction the restraining order was set aside and the temporary injunction was denied. The plaintiff brings this proceeding in error.

Mary J. Fulton was the owner of the real estate involved. In 1898 she became insane and was committed to the asylum, where she remained until her death, April 3, 1903. While she was thus confined this property was sold for taxes and a tax deed issued therefor to James Mathers. During the time Mary J. Fulton was in the asylum and all of the time since her death James M. Fulton was in the actual possession of the land, except a certain part which he rented to the Kaw Valley Lime, Cement & Coal Company, which was in possession when the ejectment action was commenced. An ejectment action was brought during the life of Mary J. Fulton in the name of James Mathers, the holder of the tax deed, against James M. Fulton and the Kaw Valley Lime, Cement & Coal Company. Mary J. Fulton was not made a party. Summons was served on the other parties, and a judgment entered against them upon their default, and it was upon this judgment that the order was issued which the plaintiff sought to enjoin.

In addition to the facts stated the petition alleged that since the death of his mother, Mary J. Fulton, James M. Fulton, as her only heir, had succeeded to the full title to the property; that Mather's tax deed was void; and that the judgment in ejectment was also void, for the reason that the owner of the legal title, Mary J. Fulton, was not made a party, and that no summons had been served upon the plaintiff.

A copy of the summons was served upon James M. Fulton by leaving it at his actual place of residence on the premises, at a time, however, when he was temporarily absent.

Strictly speaking, an action in ejectment is a possessory action; the issue may or may not involve title. In the absence of a statute requiring other parties to be made defendants the only necessary parties are those in the actual possession of the property. (15 Cyc. 82.) The contention of the plaintiff that the judgment in ejectment upon which the order he is seeking to enjoin was issued is void as to him, because other persons not in possession but in whom he alleges rested the legal title were not made parties in the ejectment action, cannot be sustained. All persons in possession when the ejectment action was commenced, including the plaintiff, were made defendants and served with process, and judgment was entered against them.

The tax deed upon which the ejectment action was founded was recorded March 4, 1899. The action in ejectment was commenced February 25, 1901, and the judgment was entered May 14, 1901, but no steps were taken to enforce this judgment until January 30, 1906. It is contended that recovering the judgment without taking any steps to enforce it did not suspend the running of the two-year statute of limitations within which a tax-deed holder is required to commence his action for possession. (Gen. Stat. 1901, § 4444.) The contention is that, conceding that the action was commenced in time and a judgment entered without delay,

to save the action from the bar of the statute possession must follow without delay. We think counsel have confused the principle applicable to this character of actions with the rule applicable to actions where the defendant in possession is claiming title by adverse possession. In the latter cases it has been held that an unenforced judgment in ejectment will not interrupt the continuous adverse possession and will not suspend the running of the statute of limitations. The statute of limitations invoked by the plaintiff requires the tax-deed holder to commence his action for possession within two years or that right shall be lost to him. Whatever rights the plaintiff may have to the land in controversy as the heir of Mary Fulton, who was not a party to the ejectment action, are still preserved to him, and may be determined in future litigation.

There was no error committed in the refusal of the temporary injunction, and the judgment is therefore affirmed.